UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-22475-CIV-MORENO

HAITIAN AMERICAN FOUNDATION, INC., a
Florida not-for-profit corporation,

    Plaintiff,

vs.

CITY OF MIAMI, a governmental agency
organized under the laws of the State of Florida,

    Defendant.
_____/

## ORDER DISMISSING CASE BECAUSE THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION

THIS CAUSE came before the Court upon Defendant City of Miami's Motion for Judgment on the Pleadings **(D.E. No. 32)**, filed on **August 30, 2007**.

THE COURT has considered the motion, response, reply and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. This case is dismissed because this Court does not have subject matter jurisdiction over this controversy.

### I. BACKGROUND

The City of Miami entered into a Special Grant Agreement with the Haitian American Foundation, Inc. on March 13, 2000. The City agreed to grant $125,000 to the Haitian American Foundation to assist in the purchase of real property. The $125,000 accounted for sixty percent of the $210,000 purchase price of the real property. The Haitian American Foundation agreed to develop a Creole Marketplace on the real property.

The Haitian American Foundation did not develop a Creole Marketplace on the real property. The Haitian American Foundation instead sold the real property for $2,005,000 to a developer four years after purchasing the real property. The Haitian American Foundation offered to pay the City of Miami $170,000 as refund of the grant monies. The City of Miami refused the offer contending that the Haitian American Foundation owes the City of Miami sixty percent of the $2,005,000 under the terms of the Special Grant Agreement.

The Haitian American Foundation sued the City of Miami for declaratory judgment about the ownership of proceeds from the sale of the real property. The City of Miami counterclaimed against the City of Miami for breach of contract claiming that the Haitian American Foundation owes the City of Miami $1,200,000. The City of Miami filed a Motion for Judgment on the Pleadings arguing that this Court does not have subject matter jurisdiction and that judgment is appropriate on the pleadings.

## II.   FEDERAL QUESTION JURISDICTION

The basis of the Haitian American Foundation's argument that this Court has jurisdiction is that the lawsuit invokes a federal question. The parties dispute the applicability of 24 CFR 570.502 and 24 CFR 570.505 of the Code of Federal Regulations. Those section govern the administration of Community Development Block Grant ("CDBG") monies. The City of Miami argues that paragraph four of the Special Grant Agreement incorporates section 570.502, which in turn refers to 570.505. Section 570.505 requires that the grant recipient return the *pro rata* portion of the fair market value of the real property if the grantee changes the use of the property from an approved use. The Haitian American Foundation contends that section 570.505 does not apply because the contract contains a contradictory term at paragraph eight that requires that the

Haitian American Foundation repay the full amount of the grant upon a change in use of the property.[1]

In Merrell Dowe Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 805-809 (1986), the Supreme Court held that in order to have federal question jurisdiction there must be the presence of a federal issue and a right of action to enforce it. "[A] private federal remedy for violating a federal statute is a prerequisite for finding federal question jurisdiction." Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992). The "'vast majority' of cases for which original federal question jurisdiction exists 'are those in which federal law creates the cause of action.'" *See id.* (citing Merrell Dow, 478 U.S. at 807). "The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *See* Merrell Dow, 478 U.S. at 807. "The federal judiciary will not engraft a remedy on a statute, no matter how salutary, that Congress did not intend to provide." *See* California v. Sierra Club, 451 U.S. 287, 297 (1981).

In Giannetti Brothers Construction Corp. v. Lee County, Florida, 585 F.Supp. 1214 (M.D. Fla. 1984), a district court in the Middle District of Florida ruled that it did not have federal question jurisdiction. A contractor sued Lee County to enforce contractual provisions that federal Environmental Protection Act regulations required the contract to contain. The Giannetti court ruled that neither the dispute about the applicability of the incorporated federal regulations in the contract nor the mandatory inclusion of those regulations in the contract created a federal question. The Giannetti court held that the case was a state law contract case that did not turn on

---

[1]This decision does not decide whether the terms are indeed contradictory or how those contract terms apply to the dispute.

a federal right or remedy. *Id.* at 1219.

The Code of Federal Regulations does not confer a private right to sue to enforce sections 570.502 or 570.505. 24 CFR § 570.501 instead places responsibility on the City of Miami to ensure that "funds are used in accordance with all program requirements" and for "determining the adequacy of subrecipient agreements."[2] This lawsuit therefore seeks to enforce contract rights, not rights created by federal law. The merits of the Haitian American Foundation claim turns on the interpretation of the Special Grant Agreement. This Court agrees with the <u>Giannetti</u> court that a dispute about federal regulations that parties have incorporated into a contract does not create a federal question. This case therefore does not present a federal question to provide basis for subject matter jurisdiction under 28 U.S.C. § 1331.

### III.  CONCLUSION

This case is dismissed. The Haitian American Foundation or the City of Miami may refile their claims in state court. All pending motions are denied as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of October, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

---

[2] The Special Grant Agreement between the City of Miami and the Haitian American Foundation is a subrecipient agreement.